# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BETTY HALLETT,
                Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
                Agency.

DOCKET NUMBER
SF-0752-16-0233-I-1

DATE: June 9, 2022

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Betty Hallett</u>, Bainbridge Island, Washington, pro se.

<u>Joshua N. Rose</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her constructive suspension appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REVERSE the initial decision, and REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2     The appellant, a GS-12 Supervisory Public Health Veterinarian with the agency's Food Safety and Inspection Service, filed this appeal in which she alleged that her absence from work from September 8, 2014, to March 30, 2015, was a constructive suspension, arguing that the agency discriminated against her on the basis of her medical noise restrictions and failed to grant her repeated requests for a reasonable accommodation.  Initial Appeal File (IAF), Tab 1 at 7.  She alleged that the agency failed to provide her a safe workplace, asserting that the noise level at her first duty station in February 2010, was excessive, sometimes reaching 134 decibels (dB), and she attributed her hearing problems to the proximity of the splitting saws used at the meat processing plants where she performed her duties.  *Id.* at 7-9.  The appellant described conflicts that she had with the inspectors she worked with at the processing plants and contended that agency officials and employees engaged in a long and complicated series of retaliatory actions against her.  *Id.* at 7-19.  She also filed an equal employment opportunity (EEO) complaint in which she alleged that the agency constructively suspended her due to her sex, race, color, national origin, and physical disability, and engaged in reprisal for prior EEO activity.  *Id.* at 176-207.[2]

¶3     As recounted by the administrative judge, primarily on the basis of the testimony before her, the agency transferred the appellant to less noisy work environments, but personnel shortages required the agency to occasionally reassign her to noisier environments.  IAF, Tab 53, Initial Decision (ID) at 3-4.  Additionally, complaints that the agency received about the appellant from one of

---

[2] Because some of the pleadings in this appeal are of substantial length and are unnumbered in the hard copy of the file, page number citations in those instances refer to the electronic record.

her subordinates and from the management of one of the processing plants caused the agency to detail the appellant away from one of the less noisy work environments in accordance with agency policy regarding workplace violence. *Id.*; IAF, Tab 12 at 101, Tab 21 at 67. The appellant filed a June 2014 claim with the Office of Workers' Compensation Programs (OWCP) and, after subsequently experiencing increased symptoms of tinnitus, she provided the agency with updated medical restrictions, first limiting her noise exposure to 100 dB, then to 60 dB, and ultimately limiting her to office work only with no noise exposure at all. IAF, Tab 12 at 102, 109, 118-23, 128-30; Tab 21 at 64, 68, 107-08; Tab 39 at 5-6.

¶4    The appellant requested reasonable accommodation, but the agency determined that she was not disabled and consequently denied her request, in large part because her physician indicated that her hearing, despite some loss, was still within normal limits. IAF, Tab 12 at 42, 107, 117. Upon her September 8, 2014 return from previously scheduled annual leave, the agency informed the appellant that it had no work available within her medical restrictions. *Id.* at 104-06. As such, the appellant was absent from the workplace on leave without pay (LWOP) from September 8, 2014, to March 30, 2015. *Id.* at 102-06. In March 2015, OWCP denied the appellant's injury claim and the agency subsequently ordered her to return to duty or submit new medical documentation. *Id.* at 118-23. The agency placed the appellant on administrative leave effective April 27, 2015, *id.* at 125, 128-30, and subsequently allowed her to return to work, but the record reflects some controversy as to the particular duty station, *id.* at 131-35.

¶5    The agency issued a December 15, 2015 final agency decision on the appellant's EEO complaint finding no discrimination, and the appellant timely filed the instant appeal. IAF, Tab 1 at 1-22, 176-207. The administrative judge found that the appellant had made nonfrivolous allegations sufficient to warrant a jurisdictional hearing on her constructive suspension claim. IAF, Tab 14 at 1-2.

After holding the hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that even though the appellant lacked a meaningful choice concerning her absence from work, she failed to demonstrate that any improper or wrongful actions by the agency led to her lack of choice. ID at 8-14 (citing *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 7 (2013)).

¶6      In her petition for review, the appellant argues that the agency suspended her in retaliation for protected whistleblowing disclosures, reiterates her argument that the agency failed to provide her with reasonable accommodation, claims that she was denied due process, and generally contends that the administrative judge erred in assessing the facts. Petition for Review (PFR) File, Tab 3. The agency has filed a response in opposition to the petition for review and the appellant has filed a reply to the agency's response. PFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). A constructive suspension appeal concerns leave that appears to be voluntary, but actually was not. *Bean*, 120 M.S.P.R. 397, ¶ 7. An employee may establish jurisdiction if she can prove that she lacked a meaningful choice in the matter and it was the agency's wrongful actions that deprived her of that choice. *Id.*, ¶ 8. In contrast, an agency's placing an employee on enforced leave for more than 14 days constitutes an appealable suspension within the Board's jurisdiction, not a constructive suspension. *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014).

¶8      In her petition for review, the appellant reasserts her argument below that the Board has jurisdiction over her appeal because the agency placed her on enforced leave for more than 14 days. PFR File, Tab 3 at 5. For the following

reasons, we find that the administrative judge erroneously construed and analyzed the appellant's claim as a constructive suspension instead of an appealable suspension.  As noted above, the record reflects that after the appellant returned to work from previously scheduled annual leave, the agency told her to leave work because it could find no work within her medical restrictions.  IAF, Tab 12 at 104-06.  Under such circumstances, the appellant's absence does not appear voluntary, but instead constitutes an appealable suspension within the Board's jurisdiction because the agency placed her in an enforced leave status for more than 14 days against her will.  *See, e.g.*, *Abbott*, 121 M.S.P.R. 294, ¶ 11.

¶9          Because a tenured Federal employee has a property interest in continued employment, an agency is prohibited from placing an appellant on enforced leave for more than 14 days without providing the due process required under the Fifth Amendment.  *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985); *see Martin v. U.S. Postal Service*, 123 M.S.P.R. 189, ¶ 11 (2016).  An agency's failure to provide a tenured public employee with proper notice and an opportunity to present a response, either in person or in writing, to an appealable agency action that deprives her of her property right in her employment constitutes an abridgement of her constitutional right to minimum due process of law, i.e., prior notice and an opportunity to respond.  *Id.*  Here, the agency did not provide the appellant with notice of any proposed enforced leave or an opportunity to be heard, either before or after it imposed the enforced leave, and the record reflects that she was in an LWOP status for at least 400 hours.  IAF, Tab 12 at 128.  Consequently, we reverse the agency's enforced leave action. *See, e.g.*, *Martin*, 123 M.S.P.R. 189, ¶ 11 (reversing the agency's suspension action because it violated the appellant's constitutional due process rights).

¶10         Given our finding that the appellant's suspension is an appealable action, she is entitled to a decision on her claim that the agency's action constituted reprisal for her prior EEO activity and on her discrimination claims.  *See* 5 U.S.C. § 7702(a)(1).  The case therefore must be remanded to the regional office to

adjudicate these claims. *See Aldridge v. Department of Agriculture*, 111 M.S.P.R. 670, ¶ 23 (2009); *Totten v. U.S. Postal Service*, 68 M.S.P.R. 255, 257 (1995). On remand, the administrative judge should, if necessary, hold a hearing on the appellant's affirmative defenses of discrimination based on sex, race, color, physical disability, and national origin, and retaliation for protected EEO activity.[3] IAF, Tab 1 at 5; *see Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶¶ 9-10 (2016) (remanding the appellant's discrimination claims for a hearing because she raised a cognizable claim of discrimination in connection with an otherwise appealable action and sought compensatory damages).

¶11    The administrative judge also should allow the appellant to proceed with her whistleblower reprisal claims to the extent they relate to her suspension. PFR File, Tab 3 at 29; IAF, Tab 52 at 4. The appellant alleges other "retaliatory actions," such as unfavorable work assignments, based on her protected disclosures. Thus, the administrative judge should provide her with notice regarding her burden of proving these possible whistleblowing allegations as an affirmative defense to an otherwise appealable action (i.e., this appealable suspension) or, alternatively, how to establish jurisdiction over such claims in connection with any personnel actions that are not otherwise appealable in an

---

[3] In the initial decision, the administrative judge indicated that in the appellant's EEO complaint filed with the agency, she raised claims not only based on these protected purviews, but also based on age discrimination. ID at 6 (citing IAF, Tab 1 at 176-207). The materials cited by the administrative judge do not support this conclusion. IAF, Tab 1 at 176-207. Further, the administrative judge did not list an age discrimination claim in her prehearing conference summary and order among the issues to be resolved at hearing. IAF, Tab 47 at 2. The parties did not object to this summary and order although the administrative judge invited them to do so, and the appellant did not raise a claim of age discrimination in her written closing statement following the hearing. IAF, Tab 47 at 7, Tab 52. In fact, in an affidavit in the record below, completed during the agency's investigation into her EEO complaint, the appellant stated that she was "not claiming age discrimination, although it probably exists as well." IAF, Tab 16 at 20, 86. In light of our remand, we find it unnecessary to resolve on review whether the appellant raised a claim of age discrimination below. The administrative judge should affirmatively indicate in the remand initial decision whether the appellant raised such a claim and, if she did, adjudicate it.

individual right of action (IRA) appeal. *See, e.g.*, *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶¶ 13-14 (2016) (remanding an appeal for the appellant to receive notice of the requirements for establishing jurisdiction over his IRA appeal); PFR File, Tab 3 at 21.

## ORDER

¶12      The initial decision is reversed, and the case is remanded to the Western Regional Office for further adjudication.

FOR THE BOARD:                             /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.